1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Frank Lawrence
Law Office of Frank Lawrence
frank@franklawrence.com
578 Sutton Way, No. 246
Grass Valley, California 95945

Attorneys for Respondents

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

Benedict Cosentino

            Petitioner,
      and

Pechanga Band of Luiseno Mission
Indians; Pechanga Gaming
Commission

            Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Case No.  5:13-cv-00912-R-OP

**MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT OF MOTION TO
DISMISS PETITION TO
COMPEL ARBITRATION**

Date:     November 4, 2013
Time:     10:00 a.m.
Judge:    Hon.  Manuel L.  Real

1

**TABLE OF CONTENTS**

2

I. INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A.  The Parties. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.  The Indian Gaming Regulatory Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

C.  The Tribal-State Gaming Compact. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

D.  The Pechanga Gaming Facility Tort Liability Act. . . . . . . . . . . . . . . . . . 3

III.  DISCUSSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

A.     Petitioner Bears the Burden of Establishing Jurisdiction.  . . . . . . . . . 7

B.     Tribal Sovereign Immunity May Only Be Waived by Express and
Unequivocal Terms.  Waivers May not be Implied, are Narrowly
Construed, and Limitations on Waivers Are Strictly Enforced. . . . . . 8

C.     The Compact is Enforceable by The State and Tribe, But Not by
Private Third Parties Such as Petitioner. . . . . . . . . . . . . . . . . . . . . . . 14

1. *Campo Band* Does Not Aid Petitioner and in Fact Supports
Respondents' Motion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

D.     IGRA is Not Enforceable by Private Parties.  . . . . . . . . . . . . . . . . . . 21

E.     The State of California is a Necessary and Indispensable Party under
Rule 19. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

i

# TABLE OF AUTHORITIES

## CASES

A.K. Management Company v.  San Manuel Band of Mission Indians, 789 F.2d 785 (9th Cir.  1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Allen v.  Gold Country Casino, 464 F.3d 1044 (9th Cir.  2006). . . . . . . . . . . 8, 13

Alvarado v.  Table Mountain Rancheria, 509 F.3d 1008 (9th Cir.  2007). . . . . . . 6

American Greyhound Racing, Incorporated v.  Hull, 305 F.3d 1015 (9th Cir.  2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

American Vantage Cos., Incorporated v.  Table Mountain Rancheria, 292 F.3d 1091 (9th Cir.  2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Baker v.  United States, 817 F.2d 560 (9th Cir.  1987). . . . . . . . . . . . . . . . . . . 8

Block v.  North Dakota, 461 U.S. 273 (1983). . . . . . . . . . . . . . . . . . . . . . . . . 9

California ex rel.  Department of Fish and Game v Quechan Tribe of Indians, 595 F.2d 1153 (9th Cir.  1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Campo Band v.  Superior Court, 137 Cal.  App.  4th 175 (2006).  . . . 15, 16, 17, 18

Chemehuevi Indian Tribe v.  California Board of Equalization, 757 F.2d 1047 (9th Cir.  1985), *rev'd on other grounds*, 474 U.S. 9 (1985). . . . . . . . . . . . . . . . 8, 9

Cherokee Nation of Oklahoma v.  Babbitt, 117 F.3d 1489 (D.C. Cir.  1997). . . . . 7

Clinton v.  Babbitt, 80 F.3d 1081 (9th Cir.  1999). . . . . . . . . . . . . . . . . . . . . 20

Data Disc, Incorporated v.  Systems Technology Assocs., Inc., 557 F.2d 1280 (9th Cir.  1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Demontiney v.  United States, 255 F.3d 801 (9th Cir.  2001).  . . . . . . . . . . . . . 7

Dewberry v.  Kulongoski, 406 F.Supp.2d 113 (D.  Or.  2005). . . . . . . . . . . . . . 20

Enterprise Management Consultants, Incorporated v.  Hodel, 883 F.2d 890 (10th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

ii

Federal National Mortg.  Association v.  LeCrone,
    868 F.2d 190 (6th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Florida v.  Seminole Tribe of Florida, 181 F.3d 1237 (11th Cir. 1999). . . . . . . . . 7

Frazier v.  Turning Stone Casino, 254 F.  Supp.  2d 295 (N.D. N.Y. 2003).  . . . . 19

Garcia v.  Akwesasne Housing Auth., 268 F.3d 76 (2d Cir. 2001).  . . . . . . . . . . . 9

General Elec.  Capital Corporation v.  Grossman,
    991 F.2d 1376 (8th Cir.  1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Greene, 980 F.2d 590 (9th Cir.  1992). . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Hartman v.  Kickapoo Tribe Gaming Commission, 319 F.3d 1230 (10th Cir.
    2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Hein v.  Capitan Grande Band of Diegueno Mission Indians, 201 F.3d 1256 (9th
    Cir.  2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Holder v.  Holder, 305 F.3d 854 (9th Cir.  2002). . . . . . . . . . . . . . . . . . . . . . . . 6

Hopi Tribe v.  Navajo Tribe, 46 F.3d 908 (9th Cir.  1995). . . . . . . . . . . . . . . . . 7

Ingrassia v.  Chicken Ranch Bingo and Casino, 676 F.Supp.2d 953 (E.D. Cal.
    2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Jimi Development Corporation v.  Ute Mountain Ute Indian Tribe, 930 F.  Supp.
    493 (D. Colo.  1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Kescloli v.  Babbitt, 101 F.3d 1304 (9th Cir.  1996). . . . . . . . . . . . . . . . . . . . . . 7

United States v.  King, 395 U.S. 1 (1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Kiowa Tribe of Oklahoma v.  Manufacturing Techs., Incorporated, 523 U.S. 751
    (1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Kokkenen v.  Guardian Life Insurance Company, 511 U.S. 375 (1994). . . . . . . . 6

Lac Du Flambeau Band of Lake Superior Chippewa Indians v.  Norton, 327
    F.Supp.2d 995 (W.D. Wisc.  2004), aff'd 422 F.3d 490 (7th Cir.  2005). . . . . . 20

Lane v.  Peña, 518 U.S. 187 (1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

iii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Lomayaktewa v. Hathaway, 520 F.2d 1324 (9th Cir. 1975). . . . . . . . . . . . . . . . 20

Long v. Chemehuevi Indian Reservation, 115 Cal.App.3d 853 (4th Dist. 1981). . 8

Lower Brule Sioux Tribe v. State of S.D., 104 F.3d 1017 (8th Cir. 1997). . . . . . . 7

Marceau v. Blackfeet Housing Authority, 455 F.3d 974 (9th Cir. 2006). . . . . . . 7

Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Engler, 304 F.3d
     616 (6th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

McClendon v. U.S., 885 F.2d 627 (9th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . 7

McClendon v. United States, 885 F.2d 627 (9th Cir. 989). . . . . . . . . . . . . . . . . . 9

McDonald v. Illinois, 557 F.2d 596 (7th Cir. 1977). . . . . . . . . . . . . . . . . . . . . . 10

Minnesota v. United States, 305 U.S. 382 (1939). . . . . . . . . . . . . . . . . . . . . . . . 10

Missouri River Services v. Omaha Tribe of Nebraska, 267 F.3d 848 (8th Cir.
     2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Montana v. Gilham, 133 F.3d 1133 (9th Cir. 1998). . . . . . . . . . . . . . . . 10, 11, 12

Oklahoma Tax Commission v. Citizen Band Potawatomi Indian Tribe, 498 U.S.
     505 (1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Pan American Company v. Sycuan Band of Mission Indians, 884 F.2d 416 (9th
     Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). . . . . . . 10

Pink v. Modoc Indian Health Project, Incorporated, 157 F.3d 1185 (9th Cir.
     1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Pit River Home and Agr. Co-op. Association v. U.S., 30 F.3d 1088 (9th Cir.
     1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Pit River Home and Agric. Cooperative Association v. United States, 30 F.3d
     1088 (9th Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Puyallup Tribe, Incorporated v. Department of Game,
     433 U.S. 165 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 13, 14

_Quilete Indian Tribe v. Babbitt_, 18 F.3d 1456 (9th Cir. 1994). . . . . . . . . . . . . . . 7

_Ramey Construction v. Apache Tribe of Mescalero Reservation_, 673 F.2d 315
   (10th Cir. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

_Rehner v. Rice_, 678 F.2d 1340 (9th Cir. 1982), _rev'd on other grounds_, 463 U.S.
   713 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

_Rio Properties, Incorporated v. Rio International Interlink_, 284 F.3d 1007 (9th Cir.
   2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

_Rupp v. Omaha Indian Tribe_, 45 F.3d 1241 (8th Cir. 1995). . . . . . . . . . . . . . . 9

_In re Sac and Fox Tribe of Mississippi in Iowa/Meskwaki Casino Litigation_, 340
   F.3d 749 (8th Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

_Sac and Fax Nation v. Hanson_, 47 F.3d 1061 (10th Cir. 1995). . . . . . . . . . . . . . 7

_Santa Clara Pueblo v. Martinez_, 436 U.S. 49 (1978). . . . . . . . . . . . . . . . . . . . . . 7

_United States v. Shaw_, 309 U.S. 495 (1940). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

_Snowbird Construction Company v. United States_, 666 F. Supp. 1437 (D. Idaho
   1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

_Tamiami Partners, Limited v. Miccosukee Tribe of Indians_, 63 F.3d 1030 (11th
   Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

_Terrell v. United States_, 783 F.2d 1562 (11th Cir. 1986). . . . . . . . . . . . . . . . . . . . 10

_United States v. Testan_, 424 U.S. 392 (1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

_Three Affiliated Tribes of the Ft. Berthold Reservation v. Wold Engineering_, 476
   U.S. 877 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

_Touche Ross and Company v. Redington_, 442 U.S. 560 (1979). . . . . . . . . . . . . . 20

_Ute Distribution Corporation v. Ute Indian Tribe_,
   149 F.3d 1260 (10th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

_Weeks Construction Company v. Oglala Sioux Housing Auth._, 797 F.2d 668 (8th
   Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

v

Wendt v. Smith, 273 F. Supp. 2d 1078 (C.D. Cal. 2003). . . . . . . . . . . . . . . . . . . . 8

United States v. White Mountain Apache Tribe, 537 U.S. 465 (2003). . . . . . . . . 10

**STATUTES**

25 U.S.C. § § 2701-21. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 5

25 U.S.C. § 2710(d)(8)(D). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

25 U.S.C. § 2713(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Cal. Gov't Code § 12012.5(a)(31). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I. INTRODUCTION

The respondents Pechanga Band of Luiseño Mission Indians and Pechanga Gaming Commission move to dismiss the petition with prejudice on the grounds that the Tribe and Commission possess sovereign immunity from this lawsuit and that petitioner lacks a private right of action.  Petitioner seeks an order compelling the respondents to arbitrate the legality of a tribal law – the Tribe's patron tort claims ordinance – under the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. §§ 2701-21 and the Tribal-State Gaming Compact between the Tribe and the State of California.  Neither IGRA nor the Compact waive the Tribe's sovereign immunity (or that of the Commission) for private, third party suits such as this challenging the legality of a tribal law.  Because petitioner cannot meet his burden of demonstrating a clear, unequivocal waiver of sovereign immunity, the Tribe and Commission respectfully request that the Court grant their motion to dismiss with prejudice.  In addition, respondents request that the Court dismiss this lawsuit on the alternative and independent ground that petitioner lacks a private right of action to bring this suit.  Finally, the State of California is a required party that cannot be joined in this action, requiring dismissal under Rule 19.

# II.  BACKGROUND

## A.  The Parties

The Pechanga Band of Luiseño Mission Indians ("Tribe") is a federally recognized sovereign tribal government.  *See* 77 Fed. Reg. 47868, 47870 (Aug. 10,  2012); Petition to Compel Arbitration ("Pet.")  ¶ 14.  The Tribe's Reservation

was formally established by Executive Order of the President of the United States on June 27, 1882. *See* Felix S. Cohen, Handbook of Federal Indian Law, at 299-302 (U.S. Government Printing Office 1941) (*reprinted by* W.S. Hein Co. 1988). The respondent Pechanga Gaming Commission ("Gaming Commission") is a governmental agency of the Tribe. *See* 25 U.S.C. § 2713(d); Compact §§ 2.20, 6.4.1; Pet. ¶¶ 15, 31; Pechanga Gaming Act of 1992, http://www.nigc.gov/Portals/0/NIGC%20Uploads/readingroom/gamingordinances /pechangaband/pechangaord041294.pdf (*see* Exhibit C to Declaration of Andrew W. Twietmeyer in Support of Petition ("Twietmeyer Dec.")).

Petitioner Cosentino is a former employee of the Tribe's governmental gaming enterprise, known as the Pechanga Resort & Casino. *See* Pet. ¶ 13.

**B. The Indian Gaming Regulatory Act**

Congress enacted the Indian Gaming Regulatory Act ("IGRA"), 25 U.S.C. § 2701 *et seq.*, in 1988, authorizing tribes to engage in governmental gaming to "promot[e] tribal economic development, self-sufficiency and strong tribal government[]." *Id*. at § 2702. IGRA divides tribal governmental gaming into three broad categories: (1) class I – traditional and ceremonial games; (2) class II -- bingo and related games; and (3) class III -- all other forms of gaming, including slot machines and blackjack, horse racing, and lotteries. *Id.* at § 2703. IGRA generally requires that class III gaming be conducted pursuant to a negotiated intergovernmental agreement called a tribal-state gaming compact. *Id.* at §

Memorandum of Points and Authorities
in Support of Motion to Dismiss          2

2710(d)(1)(C).  Tribal government gaming may generally only occur on each tribe's federal Indian lands.  *See id*. at § 2710(d)(1).  Tribal gaming net revenues may only be used for the governmental purposes enumerated in IGRA.  *See id.* §§ 2710(b)(2)(B), 2710(b)(3).

**C.  The Tribal-State Gaming Compact**

In 1999, the Tribe, along with 60 other California tribes, entered into a gaming compact with the State of California (the "1999 Compact"), which was ratified by the California legislature on October 10, 2000.  *See* Cal. Gov't Code § 12012.5(a)(31).  Petitioner's counsel attached selected portions of the Compact to his declaration.  *See* Twietmeyer Dec. at Ex. A.  The key omitted portions of the Compact are attached to the Declaration of Frank Lawrence ("Lawrence Dec.") filed herewith as Exhibit A.[1]  The compact became effective in 2000.  *See* 25 U.S.C. § 2710(d)(8)(D); 65 Fed. Reg. 31189, 31189 (May 16, 2000).  In 2006 the Tribe and State amended the Compact (the "2006 Amendment").  *See* 72 Fed. Reg. 71939, 71939 (Dec. 19, 2007); http://www.cgcc.ca.gov/?PageID=compacts, at n.5.

---

[1] Both the original 1999 Compact as well as the 2006 amendment are published by the California Gambling Control Commission, at http://www.cgcc.ca.gov/compacts.asp.  The Tribe respectfully requests that the Court take judicial notice of the Compact as amended pursuant to Federal Rule of Evidence 201.

Memorandum of Points and Authorities
in Support of Motion to Dismiss                    3

1

2

**D.  The Pechanga Gaming Facility Tort Liability Act**

3

The petition seeks to compel arbitration to test the legality of a tribal law,

4

the Pechanga Gaming Facility Tort Liability Act of 2008 ("Ordinance").   *See* Ex.

5

C to Twietmeyer Dec.  The Tribe adopted the Ordinance in compliance "with

6

Section 10.2(d) of the ... Compact."  Ordinance § 2.  The Ordinance:

7

8

9

10

11

> does not constitute a waiver of Tribal sovereign immunity except as specifically set forth herein below.  This Act is to be strictly construed to provide a process for the consideration and evaluation of claims brought by persons claiming to have suffered injury or damage, and applies only to those activities undertaken by the Tribe's Gaming Operation or its employees which occur in the Gambling Facility or in connection with the Tribes Gaming Operation.

*Id.*

12

13

The Ordinance expressly precludes claims against the Tribe or the Gaming

14

Commission.  "***No claim of any kind is authorized under this Act against the***

15

16

***Pechanga Band, [or] the Pechanga Gaming Commission ....***"  *Id.* § 5(b).  The

17

petition candidly admits that the Ordinance bars claims against the Tribe and

18

Commission.  *See* Pet. ¶¶ 3, 39-47.  Thus it is undisputed in this case that the

19

20

Ordinance expressly bars petitioner from bringing claims against the respondents

21

Tribe and Gaming Commission.

22

The Ordinance further provides that "No claim shall be pursued or sustained

23

pursuant to this Act if a concurrent or alternative action seeking damages for an

24

injury arising from the same incident has been filed in any other forum or venue."

25

Ordinance § 5(d).  If such an action is filed in another forum or venue, "the claim

26

27

pursuant to this Act is and shall be considered to have been abandoned and shall

28

Memorandum of Points and Authorities
in Support of Motion to Dismiss                4

not be eligible thereafter for an award of any kind.  Abandoned claims shall not be eligible for arbitration." *Id*.  The petition candidly concedes, as it must, that petitioner has in fact filed an alternative action for damages for his alleged injury arising from the same incident.

Petitioner filed a Notice of Pendency of Other Action ("Notice") as required by the Local Rule 83-1.4.1, identifying *Cosentino v. Fuller*, Riverside Sup. Ct. civil case number MCC 1300396.  That Notice states that the "state civil action materially relates to the subject matter of Mr. Cosentino's Petition to Compel Arbitration because the facts and causes of action stated against the Respondents in the state civil action ***are the are the [sic] same facts and causes of action that Mr. Cosentino seeks to arbitrate against Respondents***" Pechanga Band and Gaming Commission in this federal case.  *See* Docket no. 5 (emphasis added). Petitioner's Notice further states that "Were it not for the doctrine of sovereign immunity, Mr. Cosentino would have named both of the Respondents as Respondents in the [state court] Civil Action." *Id*.  Thus petitioner's Notice further demonstrates that his claims against the Tribe and Gaming Commission are independently barred under Ordinance section 5(d) and have been abandoned thereunder.

The Ordinance bars awards for "punitive or exemplary damages", which plaintiff's State court complaint expressly seeks: "**PRAYER FOR RELIEF** ... 4. For exemplary damages ....  6. for punitive and exemplary damages ...." *Cosentino v. Fuller*, Riverside Sup. Ct. civil case number MCC 1300396, Complaint for

Damages p. 36. *See* Ordinance ¶ 6. The Ordinance further provides that "[t]he limited waiver of sovereign immunity of this Act provides for awards against the Gaming Operation but *in no circumstances against the Tribe, agencies of the Tribal Government* [such as the Commission] or Tribal officials." Ordinance § 6(c) (emphasis added). The Ordinance also bars employment-related claims. "Employment-related claims of any kind by employees or former employees of the Gaming Operation ... may only be brought under the grievance procedures of the employing entity and shall in no case be cognizable under this Act. Employee workplace injuries occurring at the Gaming Facility are subject to the Pechanga Workers Compensation Ordinance and are not cognizable under this Act." Ordinance § 5(h). The petition alleges that "Mr. Cosentino is a former employee of the Pechanga Casino where he worked as a table games dealer until the Commission revoked his Class A Gaming license, thereby compelling the Pechanga Casino to terminate Mr. Cosentino's employment in the spring of 2011." Pet. ¶ 13. Thus Ordinance section 5(h) provides yet another independent bar to petitioner's claims.

The Ordinance's arbitration process provides that "[c]laims ... for which the Notice of Claim was jurisdictionally defective, or which have been abandoned under the terms of this Act, shall not be eligible for arbitration. The limited waiver of the Tribe's sovereign immunity expressed in this Act shall not apply to such claims." Ordinance § 12(a). As noted, petitioner abandoned his claim under the Ordinance by filing suit in State court. *See* Notice of Related Cases, docket

no. 5; Ordinance § 5(d).

The fact that petitioner's claims are not cognizable under the Ordinance was noted in two letters from the Casino Risk Management Director to petitioner's counsel, which are exhibits E and G to the Twietmeyer Declaration: "... this matter is not cognizable under the Gaming Facility's *Tort Liability Act* ... your submission requesting compensation via the Tribal Dispute Resolution Process provided by the Gaming Facility's *Tort Liability Act* is not eligible to be filed as a Claim ...." Twietmeyer Dec. Ex. E p. 60 (emphasis in original). *See also id*. at Ex. G p. 92 ("since your client's grievances are not related to nor allege any tortious actions on the part of The Pechanga Resort & Casino, the Gaming Operation of the Pechanga Band of Luiseno Mission Indians, this matter is not cognizable under the Gaming facility's *Tort Liability Act*") (emphasis in original).

Thus the petition does not seek arbitration of claims under the Ordinance. Instead, petitioner seeks to arbitrate the question of whether the Ordinance's terms violate the Tribe's Tribal-State Gaming Compact with the State of California and, as a result, violate the Indian Gaming Regulatory Act, 25 U.S.C. §§ 2701-21. As this brief demonstrates, petitioner lacks an express and unequivocal waiver of tribal sovereign immunity that would allow him to arbitrate the legality of the Tribe's tort claims Ordinance. In addition, he lacks a private right of action, standing and has failed to join the State as a party.

### III.  DISCUSSION

**A.      Petitioner Bears the Burden of Establishing Jurisdiction**

In a motion to dismiss under Rules 12(b)(1) and (2) , the petitioner bears the burden of proving that the court has jurisdiction to decide the case.  *See Kokkenen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A petitioner also "bears the burden of showing a waiver of tribal sovereign immunity."  *Ingrassia v. Chicken Ranch Bingo and Casino*, 676 F.Supp.2d 953, 956 (E.D. Cal. 2009).  The Court is not restricted to allegations in the Petition but may consider materials outside the pleadings.  *See Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1997).  While usually 12(b)(6) motions are decided based on the complaint and its attachments alone, the Court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint.  Also, under Federal Rule of Evidence 201, a court may take judicial notice of matters of public record.  *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

**B.      Tribal Sovereign Immunity May Only Be Waived by Express and Unequivocal Terms.  Waivers May not be Implied, are Narrowly Construed, and Limitations on Waivers Are Strictly Enforced**

Absent an express waiver of sovereign immunity, courts may not exercise jurisdiction over federally recognized Indian tribes.  *See Puyallup Tribe, Inc. v. Dep't of Game*, 433 U.S. 165, 172 (1977); *Alvarado v. Table Mountain Rancheria*,

509 F.3d 1008, 1015-16 (9th Cir. 2007).  "Suits against Indian tribes are ... barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991) (*citing Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58-59 (1978)).  *See also Kiowa Tribe of Oklahoma v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998);  *A.K. Mgmt. Co. v. San Manuel Band of Mission Indians*, 789 F.2d 785, 789 (9th Cir. 1986).  Indeed, this Court acknowledged the sovereign immunity of Indian tribal governments in *Shobar v. California*, 2:03-cv-4530-R-CW, Amended Order of Dismissal With Prejudice (Document 24), at p.  2 (Oct.  7, 2003) ("The Court lacks jurisdiction over the Indian tribes of California, which are indispensable parties to this action and ***which may not be joined as party defendants because they are immune to civil suit*.") (emphasis added).  *See* Lawrence Dec. Ex. B.

"There is a strong presumption against waiver[s] of tribal sovereign immunity." *Demontiney v. United States*, 255 F.3d 801, 811 (9th Cir. 2001).  Because preserving tribal resources and tribal autonomy are vital matters of federal Indian policy, the United States Supreme Court has repeatedly stated that a waiver of tribal sovereign immunity "cannot be implied but must be unequivocally expressed." *Santa Clara Pueblo*, 436 U.S. at 58-59; *see United States v. Testan*, 424 U.S. 392, 399 (1976); *United States v. King*, 395 U.S. 1, 4 (1969).  *See also Kescloli v. Babbitt*, 101 F.3d 1304, 1310 (9th Cir. 1996).  Thus, the Court lacks jurisdiction over the Tribe unless the Tribe grants an express and unequivocal

Memorandum of Points and Authorities
in Support of Motion to Dismiss                    9

waiver.  The federal appellate decisions are uniformly in accord.[2]

Tribal sovereign immunity extends to tribal agencies.  *See Kiowa*, 523 U.S. at 755; *Marceau v. Blackfeet Hous. Auth.*, 455 F.3d 974 (9th Cir. 2006); *American Vantage Cos., Inc. v. Table Mountain Rancheria*, 292 F.3d 1091, 1100 (9th Cir. 2002).

Sovereign immunity is a jurisdictional bar "irrespective of the merits of the claim." *Chemehuevi Indian Tribe v. California Bd. of Equalization*, 757 F.2d 1047, 1051 (9th Cir. 1985), *rev'd on other grounds*, 474 U.S. 9 (1985).  *See also Pan Am. Co. v. Sycuan Band of Mission Indians*, 884 F.2d 416, 418 (9th Cir. 1989); *California ex rel. Dep't of Fish and Game v Quechan Tribe of Indians*, 595 F.2d 1153, 1155 (9th Cir. 1979); *Wendt v. Smith*, 273 F. Supp. 2d 1078, 1082 (C.D. Cal. 2003).  Sovereign immunity bars both contract and tort actions.  *See Pit River Home and Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1100 (9th Cir. 1994); *Great Western Casinos Great Western Casinos*, 74 Cal.App.4th at 1421; *Long v. Chemehuevi Indian Reservation*, 115 Cal.App.3d 853 (4th Dist. 1981).

Sovereign immunity also bars claims, such as this one, by former tribal employees.  "[I]t is well established precedent that claims by former tribal

---

[2] *See, e.g., Florida v. Seminole Tribe of Florida*, 181 F.3d 1237, 1243 (11th Cir. 1999); *Cherokee Nation of Oklahoma v. Babbitt*, 117 F.3d 1489, 1498 (D.C. Cir. 1997); *Lower Brule Sioux Tribe v. State of S.D.*, 104 F.3d 1017, 1026 (8th Cir. 1997); *Sac and Fax Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir. 1995); *Hopi Tribe v. Navajo Tribe*, 46 F.3d 908, 921 (9th Cir. 1995); *Pit River Home and Agr. Co-op. Ass'n v. U.S.*, 30 F.3d 1088, 1100 (9th Cir. 1994); *Quileute Indian Tribe v. Babbitt*, 18 F.3d 1456, 1459 (9th Cir. 1994); *In re Greene*, 980 F.2d 590, 592 (9th Cir. 1992); *McClendon v. U.S.*, 885 F.2d 627, 629 (9th Cir. 1989).

employees against the Tribe are barred by tribal sovereign immunity." *Hill v. Rincon Band of Luiseno Indians*, 2007 WL 2429327, No., 06CV2544, slip op. at * 5 (S.D. Cal. Aug. 22, 2007). *See also Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1187 (9th Cir. 1998); *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987).

Sovereign immunity likewise bars actions like this one based on an alleged violation of a tribal-state gaming compact. *See Allen v. Gold Country Casino*, 2005 WL 6112668, No. S-04-322, slip op. at * 2 (E.D. Cal. Feb. 8, 2005) ("The Tribal-State Gaming Compact … does not give consent for suits against the Tribe").  A courtesy copy of *Allen* is attached as Exhibit C to the Lawrence Dec. filed herewith.

Moreover, because sovereign immunity is jurisdictional in nature, its recognition by the Court is not discretionary. *See Puyallup Tribe*, 433 U.S. at 172-73; *Quechan Tribe*, 595 F.2d at 1154-55.  "[S]overeign immunity is not a discretionary doctrine that may be applied as a remedy depending upon the equities of a given situation." *Chemehuevi*, 757 F.2d at 1052 n.6.  "Sovereign immunity involves a right which courts have no choice, in the absence of a waiver, but to recognize." *Pit River Home and Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1100 (9th Cir. 1994).  Accordingly, even if the petition's substantive allegations were correct (which the Tribe emphatically disputes), it would not defeat the Tribe's sovereign immunity.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Supreme Court has expressly rejected the application of equitable considerations in the context of tribal sovereign immunity.  *See Three Affiliated Tribes of the Ft. Berthold Reservation v. Wold Eng'g*, 476 U.S. 877, 893 (1986).  *See also McClendon v. United States*, 885 F.2d 627 (9th Cir. 1989).  Thus "the requirement that a waiver of tribal immunity be 'clear' and 'unequivocally expressed' is not a requirement that may be flexibly applied or even disregarded based on the parties or the specific facts involved."  *Ute Distribution Corp. v. Ute Indian Tribe*, 149 F.3d 1260, 1267 (10th Cir. 1998).  When, as here, a tribe does not expressly waive its immunity, courts lack jurisdiction over the tribe regardless of the specific facts involved in the lawsuit.

Where a tribe does expressly waive its sovereign immunity, any limitations on that waiver are strictly enforced.  *See Ramey Construction v. Apache Tribe of Mescalero Reservation*, 673 F.2d 315, 320 (10th Cir. 1982).
A waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign."  *Lane v. Peña*, 518 U.S. 187, 192 (1996).  *See also Missouri River Services v. Omaha Tribe of Nebraska*, 267 F.3d 848, 852 (8th Cir. 2001).  *See also Block v. North Dakota*, 461 U.S. 273, 287 (1983); *Garcia v. Akwesasne Hous. Auth.*, 268 F.3d 76, 90 (2d Cir. 2001); *Rupp v. Omaha Indian Tribe*, 45 F.3d 1241, 1245 (8th Cir. 1995); *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989); *Terrell v. United States*, 783 F.2d 1562, 1565 (11th Cir. 1986); *McDonald v. Illinois*, 557 F.2d 596, 601 (7th Cir. 1977); *Snowbird Constr. Co. v. United States*, 666 F. Supp. 1437 (D. Idaho 1987).  Thus,

Memorandum of Points and Authorities
in Support of Motion to Dismiss                    12

a court may exercise jurisdiction over a tribal government only pursuant to a clear statement from the tribal government "waiving [its] sovereign immunity . . . together with *a claim falling within the terms of the waiver*."  *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003) (emphasis added).

These settled legal principles apply both to the interpretation of the scope of the government's waiver of immunity and to the interpretation of the scope of any exceptions to or limitations on that waiver.  *Id.*  Where a tribe limits its waiver of immunity by specifying the conditions under which it consents to suit and the procedures that must be followed for its waiver to be effective, a court will construe the waiver narrowly and allow suits only pursuant to the specified conditions and procedures.  *See Omaha Tribe*, 267 F.3d at 852.

It is well settled that waivers of sovereign immunity may be limited to specific conditions and procedures.  *See, e.g.*, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) ("A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued.") (emphasis in original); *Minnesota v. United States*, 305 U.S. 382, 388 (1939) ("[I]t rests with Congress to determine not only whether the United States may be sued, but in what courts the suit may be brought."); *United States v. Shaw*, 309 U.S. 495, 501 (1940) ("Even when suits are authorized [by congressional waiver of the United States' sovereign immunity] they must be brought only in designated courts."); *Montana v. Gilham*, 133 F.3d 1133, 1138 (9th Cir. 1998).  This principle is of particular relevance here, for while the 1999 Compact and 2006 Amendment

each contain limited immunity waivers, neither limited waiver applies to this case, as the following discussion demonstrates.

## C.   The Compact is Enforceable by The State and Tribe, But Not by Private Third Parties Such as Petitioner

Conceding that he lacks a cognizable claim under the Ordinance, petitioner claims that the Tribe's Tort Ordinance violates Compact section 10.2(d)(ii) because, while allowing tort claims against the Pechanga Resort & Casino, it bars claims against the Tribe and Gaming Commission. *See* Pet. ¶¶ 3, 39-47.  The problem for petitioner, however, is that the Compact is only enforceable by the Tribe and the State.   Petitioner is neither a party to, nor a named third-party beneficiary of, the Compact.  He lacks the right and ability to seek to enforce the Compact.  There is no express and unequivocal waiver of sovereign immunity in the Compact that allows a private third party, such as petitioner, to sue the Tribe to compel arbitration of a claim of alleged breach of Compact.

The Compact expressly addresses the process by which alleged claims of breach of Compact are to be resolved.  Section 9 – which petitioner omitted from the Twietmeyer Dec. Ex. A, but which is publicly available at http://www.cgcc.ca.gov/?pageID=compacts and which is attached as Exhibit B to the Lawrence Dec. – provides the "DISPUTE RESOLUTION PROVISIONS" for resolving alleged Compact breaches:

> In recognition of the government-to-government relationship of the Tribe and the State, the parties shall make their best efforts to resolve

Memorandum of Points and Authorities
in Support of Motion to Dismiss                    14

1
2
3
4
5
6

> disputes that occur under this Gaming Compact by good faith
> negotiations whenever possible. Therefore ... the parties hereby
> establish a threshold requirement that disputes between the Tribe and
> the State first be subjected to a process of meeting and conferring in
> good faith in order to foster a spirit of cooperation and efficiency in
> the administration and monitoring of performance and compliance by
> each other with the terms, provisions, and conditions of this Gaming
> Compact ....

7  Compact § 9.1.  The meet-and-confer process includes notice and informal

8  discussions seeking to resolve any dispute arising under the Compact.  *See id.*  at

9  § 9.1(a)-(b).  Unresolved disputes may proceed to voluntary arbitration if both

10 parties agree.  *See id.*  at § 9.1(c).  If a Compact dispute still remains unresolved,

11 then either the State or Tribe may sue in court for "claims of breach or violation of

12 this Compact ...."  *Id.*  § 9.1(d).

13     The Compact contains a limited waiver of sovereign immunity of both the

14 Tribe and the State of California.  Section 9.4(a) provides that "In the event that a

15 dispute is to be resolved in federal court ..., the State and the Tribe expressly

16 consent to be sued therein and waive any immunity therefrom that they may have

17 provided that" certain conditions exist.  *Id.* § 9.4(a).

18     The most important condition limiting the mutual sovereign immunity

19 waiver, for purposes of this case, is that ***"No person or entity other than the Tribe***

20 ***and the State is a party to the action***, unless failure to join a third party would

21 deprive the court of jurisdiction; provided ***that nothing herein shall be construed***

22 ***to constitute a waiver of the sovereign immunity of either the Tribe or the State***

23 ***in respect to any such third party***."  Compact section 9.4(a)(3) (emphasis added).

24
25
26
27
28

Memorandum of Points and Authorities
in Support of Motion to Dismiss                    15

Moreover, the Compact provides that "In the event of intervention by any additional party into any such action [seeking to enforce Compact provisions] without the consent of the Tribe and the State, ***the waivers of either the Tribe or the State provided herein may be revoked***, unless joinder is required to preserve the court's jurisdiction; provided that ***nothing herein shall be construed to constitute a waiver of the sovereign immunity of either the Tribe or the State in respect to any such third party***."  Compact § 9.4(b) (emphasis added). In addition, the compact's limited immunity waiver is premised on the condition that "[n]either side makes any claim for monetary damages ...."   Compact § 9.4(a)(2).

Finally, Compact section 15.1 provides that "[e]xcept to the extent expressly provided under this [Compact], this [Compact] is not intended to, and ***shall not be construed to, create any right on the part of a third party to bring an action to enforce any of its terms***."  *Id*. § 15.1 (emphasis added).  The Compact expressly makes "non-compact tribes" third party beneficiaries of the revenue sharing trust fund created thereunder.   *See* Compact § 4.3.2(a)(I) ("Federally recognized tribes that are operating fewer than 350 Gaming Devices are 'Non-Compact Tribes.' Non-Compact Tribes shall be deemed third party beneficiaries of this and other compacts identical in all material respects").  By contrast, the Compact does not make tribal casino employees third party beneficiaries.

Read as a whole, it is clear that allegations of breach of Compact may be resolved as between the State and the Tribe under Compact section 9, but not by

private third-parties such as petitioner.   Petitioner is neither the State of California

nor the Tribe and cannot sue to enforce the Compact's terms.

Thus, for example, in *Allen v. Gold Country Casino*, a former tribal casino

employee sued, alleging wrongful termination. *See Allen v. Gold Country Casino*,

2005 WL 6112668, No. S-04-322, slip op. at * 1 (E.D. Cal. Feb. 8, 2005), *aff'd*

464 F.3d 1044 (9th Cir.  2006).  *See* Lawrence Dec.  Ex.  C.  The employee

alleged that "The Tribe waived its immunity by virtue of 'employment rights

allowed or referred to (sic) by defendants in numerous documents and signed

state-tribal gaming compacts.'"  *Id.* at *2.  The court noted that to "waive its

sovereign immunity, a tribe must expressly and clearly state such intent."  *Id.*  It

explained that the "Tribal-State Gaming Compact (hereinafter Compact) ***does not,***

***as plaintiff alleges, give consent for suits against the Tribe***.  The Compact

expressly states that 'nothing herein shall be construed to constitutes a waiver of

the sovereign immunity of either the Tribe or the State in respect to any ... third

party.'"  *Id.*  (emphasis added).

Similarly, in *Keitt v. WCAB*, 2012 WL 1511707 (2012), the California

Workers' Compensation Appeals Board ("Board") held that it did not have subject

matter jurisdiction over a federally recognized Indian tribe.  *See* Ex.  D.  to

Lawrence Dec.  A tribal casino employee claimed an on-the-job injury, but the

tribe denied her claim under its workers' compensation ordinance.  Like petitioner

here, the employee argued that the tribal ordinance at issue failed to conform to

the Compact, and that the tribe had waived its sovereign immunity in its Compact.

Specifically, the employee contended "that the Compact ... allowed the Tribe to create its own workers' compensation system, but that the Tribe's setup of its system was procedurally flawed." *Id.* at *2. According to the employee "the Tribe failed to comply with the terms of the Compact, in that it failed to file its workers' compensation ordinance prior to the Compact's effective date and failed to obtain the Governor's signature." *Id.*

In response, the tribe argued – as the respondents Tribe and Commission do here – that "only it and the State of California, as signatories to the Compact, could file suit to enforce or challenge the terms of the Compact; thus, Applicant lacked standing to challenge the Tribe's compliance with the terms of the Compact." *Id.* The workers compensation judge "found no intent on the part of the Tribe to" waive its sovereign immunity to allow a private third party such as the employee to sue for an alleged breach of Compact:

> Although the Tribe expressly agreed with the State in the Compact to a limited waiver of sovereign immunity to allow either party to the Compact to bring suit against the other party, by its express language, the Compact stated that it should not be construed to effect a waiver of sovereign immunity with respect to any third party.... Thus, upon review of the Compact, the WCJ concluded that it was clear that a third party beneficiary, such as Applicant, did not have standing to bring an action to enforce the terms of the Compact.

*Id.* The Board also noted that the tribe's ordinance had a controlling effect: "Further, it was clearly stated in the Tribe's 'Workers' Compensation Ordinance' that the ordinance provided the exclusive method of obtaining workers' compensation liability for injured Casino employees." *Id.* Thus the Board

affirmed that "the WCJ lacked jurisdiction over Applicant's claim."   The Board

denied reconsideration, and the California Court of Appeal denied the employee's

petition for review.  *See id.*  at *2-3.[2]

### 1. *Campo Band* Does Not Aid Petitioner and in Fact Supports Respondents' Motion

The petition cites *Campo Band v. Superior Court*, 137 Cal. App. 4th 175,

184-85 (2006) in support of its claim that petitioner can sue to enforce the

Compact.  *Campo* is of no help to petitioner because it addresses a question that is

not at issue here.

*Campo* involved a patron tort claim where the Tribe and patron disagreed

about whether the patron had perfected a claim under the Tribe's Tort Ordinance:

"The Tribe concluded that an injured patron failed to comply with the procedural

prerequisites to arbitration ...."  *Id.* at 177.  There was no question at all that the

plaintiff was a casino patron whose claims fell within the four corners of the

tribe's tort ordinance.  *Campo* found that "[h]aving consented to waive its tribal

sovereign immunity in the Compact [to patron tort claims], the Tribe cannot, in

drafting Regulatory 004 [the tribal tort ordinance], render its obligations totally

illusory by retaining the sole and unfettered discretion to determine whether a

claimant has complied with the procedural requirements set forth in its

---

[2]The issue presented here – whether the Compact waives immunity and confers standing and a private right of action to allow private third parties such as petitioner to sue a tribe alleging a breach of Compact – has also been addressed by the Ninth Circuit in other case, but not in citable opinions pursuant to Ninth Circuit Rule 36-3 because they were decided prior to January 1, 2007.

Memorandum of Points and Authorities
in Support of Motion to Dismiss                      19

regulation." *Id.* at 185.  However, the court disagreed with the trial court's order

compelling arbitration of the merits of the patron's tort claim: "we direct the

superior court to vacate its order compelling the Tribe to submit to arbitration of

the merits of Bluehawk's claim ...." *Id.*  *Campo* ordered the trial court to issue an

order compelling arbitration of the question of whether the patron had complied

with the tribal tort ordinance's procedural prerequisites.

 Here, by contrast, there is no ambiguity or dispute about whether

petitioner's claim falls within the Tribe's tort Ordinance: the petition plainly

concedes that it does not.  *See* Pet. at ¶¶ 3, 39-47.

 *Campo's* holding was qualified and explained in *Lawrence v. Barona Valley*

*Ranch Resort & Casino*, 153 Cal. App. 4th 1364 (2007):

> As this court held in *Campo*, a tribe that enters into the Compact waives its
> sovereign tribal immunity as to suits by patrons for certain injuries suffered
> at its gaming facilities, to the extent of the insurance coverage the Compact
> requires it to obtain for such claims.  Such a waiver, however, does not also
> constitute a tribe's consent to having such suits brought against it in state
> court....  Thus, in *Campo*, we concluded that although the tribe waived its
> sovereign immunity relating to certain patron claims, its waiver did not
> constitute a consent to suit in state court on those claims, rather, those
> claims had to be resolved in the forum specified in the tribe's tort claims
> ordinance.

*Lawrence*, 153 Cal.App.4th at 1369 (emphases added) (internal citations omitted).

*Lawrence* clarified that the Compact's patron tort claim Ordinance requirement is

an incomplete immunity waiver because it does not specify the forum in which

claims may be brought.  *Id.* at 1369-70.  *Campo* and *Lawrence* suggest that courts

look to the tribe's tort claims ordinance before determining what forum, if any,

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

may host claims against a tribe under the patron tort claims ordinance referenced in Compact section 10.2(d). Concluding that the state court lacked jurisdiction over the Barona Band, *Lawrence* found that the Tribe's waiver "did not constitute a consent to suit in state court . . . but instead specified that the Barona Tribal Court was the exclusive forum for the resolution of such claims." *Id.* at 1370.

Here, Pechanga's Ordinance does not waive sovereign immunity to compel arbitration against the Tribe or the Gaming Commission in any forum whatsoever. Nor does it waive immunity to allow Compact compliance suits such as this one:

> Tort claims against the Tribe which are cognizable under this Act ***shall be brought against the Tribe's Gaming Operation*** and may be pursued solely through the Tribal Dispute Resolution process as outlined in this Act .... ***No claim of any kind is authorized under this Act against the Pechanga Band [or] the Pechanga Gaming Commission*** ....

Ordinance § 5(b) (emphasis added). Unlike the procedural ambiguity in *Campo*, the Tribal Tort Ordinance at issue here ***expressly precludes suits against the Tribe or Gaming Commission***. Also unlike *Campo*, the petition here admits this fact. *See* Pet. ¶¶ 3, 39-47. As noted, the Compact expressly precludes suits by third parties to enforce the Compact's terms, and allows the Tribe to revoke the Compact's limited immunity waiver in any case in which a third party is present. *See* Compact §§ 9.4(a)(3), (b), 15.1. That is the opposite of petitioner's claim that the Comapct requires that the Tribe waive its sovereign immunity as to private third party claims of breach of Compact. Nothing in *Campo* supports petitioner's claim that the Compact confers jurisdiction on this Court to order the Tribe and Gaming Commission – not the Casino – to arbitrate the issue of ***whether the***

1

*Tribe's Ordinance complies with the Compact.*

2

3

**D.      IGRA is Not Enforceable by Private Parties**

4

5          The petition also alleges that the Tribe's Ordinance violates IGRA, §§

6    2710(d)(1)(C), (d)(2)(C), and (d)(3)(C)(5).  *See* Pet. ¶ 45.  But just as with the

7    Compact, there is no waiver or abrogation of tribal sovereign immunity that would

8    allow a private third party such as petitioner to seek judicial or arbitral

9    enforcement of IGRA.  Nor does IGRA provide private individuals with a general

10   right of action to enforce the statute's provisions.

11

12         The Ninth Circuit has expressly held that "IGRA provides no general

13   private right of action ...."  *Hein v. Capitan Grande Band of Diegueno Mission*

14   *Indians*, 201 F.3d 1256, 1260 (9th Cir. 2000).  The Eighth, Tenth, and Eleventh

15   Circuit's are all in accord.  *See In re Sac & Fox Tribe of Mississippi in*

16   *Iowa/Meskwaki Casino Litigation,* 340 F.3d 749, 766 (8th Cir. 2003) ("IGRA

17   provides no general private right of action"); *Hartman v. Kickapoo Tribe Gaming*

18   *Comm'n*, 319 F.3d 1230, 1233 (10th Cir. 2003); *Tamiami Partners, Ltd. v.*

19   *Miccosukee Tribe of Indians*, 63 F.3d 1030, 1049 (11th Cir. 1995).  Indeed, the

20   Eleventh Circuit was faced with a claim very similar to petitioner's here:

21   "Tamiami's ... claim - that the Tribe, operating through its Gaming Agency, has

22   refused to issue licenses in violation of the statute and regulations - fails because

23   IGRA provides it no right to relief."  *Id*. at 1049.  This Court reached the same

24   conclusion in *Shobar v.  California*, 2:03-cv-4530-R-CW, Amended Order of

25

26

27

28

Memorandum of Points and Authorities
in Support of Motion to Dismiss              22

Dismissal With Prejudice (Document 24), at p.  2 (Oct.  7, 2003) (noting that "***plaintiffs lack standing under the Indian Gaming Regulatory Act to bring the subject action***") (emphasis added).  *See also Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Engler*, 304 F.3d 616 (6th Cir. 2002) (tribe lacked standing to sue in federal court under IGRA); *Frazier v. Turning Stone Casino*, 254 F. Supp. 2d 295 (N.D. N.Y. 2003) (no federal jurisdiction because IGRA does not allow a private right of action for individuals); *Jimi Development Corp. v. Ute Mountain Ute Indian Tribe*, 930 F. Supp. 493 (D. Colo. 1996) (no private right of action under IGRA).

Thus even if petitioner were somehow harmed by a violation of IGRA, which he was not, and even if IGRA did abrogate tribal sovereign immunity as to such claims, which is does not, petitioner still would not have a private right of action to enforce the statute.  As the Supreme Court has observed, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Touche Ross & Co. v. Redington,* 442 U.S. 560, 568 (1979).

**E.    The State of California is a Necessary and Indispensable Party under Rule 19**

It is well settled that a party to a contract, such as the Compact here, is a required parties under Federal Rule of Civil Procedure 19.  Where such a contracting party has sovereign immunity, as the State of California does under the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Eleventh Amendment to the United States Constitution, the case must be dismissed in the required party's absence.  *See, e.g., American Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015 (9th Cir. 2002) (Indian tribes with existing compacts with State for operation of gaming casinos were necessary and indispensable parties to the action); *Clinton v. Babbitt*, 80 F.3d 1081 (9th Cir. 1999); *Enterprise Management Consultants, Inc. v. Hodel*, 883 F.2d 890 (10th Cir. Aug. 28, 1989) (tribe was indispensable party to action seeking review of bingo management contracts); *Lomayaktewa v. Hathaway*, 520 F.2d 1324 (9th Cir. 1975) (parties to a contract are indispensable, and where they are governments possessing sovereign immunity, dismissal is required); *Dewberry v. Kulongoski*, 406 F.Supp.2d 113 (D. Or. 2005) (Indian tribe was indispensable party to suit challenging validity of its gaming compact with state); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 327 F.Supp.2d 995 (W.D. Wisc. 2004), *aff'd* 422 F.3d 490 (7th Cir.  2005) (State and Indian tribe who were parties to a gaming compact were indispensable parties who could not be joined as parties, requiring dismissal even though plaintiffs would have no remedy; parties to the compact had sovereign immunity and any judgment touching on the compact would be prejudicial to their interests).  Rule 19 provides an independent basis for dismiss this case with prejudice.

Memorandum of Points and Authorities
in Support of Motion to Dismiss                 24

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IV. CONCLUSION

For all of these reasons, the Tribe and Gaming Commission respectfully requests that the Court dismiss this lawsuit with prejudice.


Dated: October 7, 2013                    **Law Office of Frank Lawrence**

By _____/s/_____
         Frank Lawrence
Attorneys for Respondents

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA          )     ss.
3      COUNTY OF NEVADA          )

4      I am employed in the County of Nevada, State of California.  I am over the age of
18 and not a party to the within action.  My business address is 578 Sutton Way,
5      No. 246, Grass Valley, California  95945.

6

On October 7, 2013 I caused the foregoing document described as
7      **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS PETITION TO COMPEL ARBITRATION** to be
8      served on the interested parties in this action as follows:

9

**[X] Electronic Service.**  Pursuant to L.R. 5-3, Service of Documents Filed
10      Electronically, the above-referenced documents were electronically filed and thus
served upon all interested parties via a "Notice of Electronic Filing" ("NEF") that
11      is automatically generated by the CM/ECF System and sent by e-mail to all
CM/ECF Users who have consented to receive service through the CM/ECF
12      System.  Service with this electronic NEF constitutes service pursuant to the
Federal Rules of Civil Procedure, and the NEF itself will constitute proof of
13      service for individuals so served.

14

15      I declare under penalty of perjury under the laws of the United States of America
and the State of California that the foregoing is true and correct.
16

17      Executed on October 7, 2013, at Nevada City, California.

18

19      ____/s/_____
Frank Lawrence
20

21

22

23

24

25

26

27

28

Memorandum of Points and Authorities
in Support of Motion to Dismiss                26