## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Benedict Cosentino | Case No. 5:13-cv-00912-R-OP |
| Petitioner, | **AMENDED ORDER GRANTING MOTION TO DISMISS PETITION TO COMPEL ARBITRATION** |
| and | |
| Pechanga Band of Luiseno Mission Indians; Pechanga Gaming Commission | Date: November 4, 2013 |
| Respondent. | Time: 10:00 a.m. |
| | Judge: Hon. Manuel L. Real |

The Motion of respondents Pechanga Band of Luiseno Mission Indians and Pechanga Gaming Commission for an order dismissing petitioner's Petition to Compel Arbitration came on for hearing before this Court on November 4, 2013. Frank Lawrence, Esq. appeared on behalf of respondents. Andrew W. Twietmeyer, Esq. appeared on behalf of petitioner. Having considered the pleadings on file and the arguments of counsel, the Court grants the motion with prejudice for the following reasons.

An Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity. *Kiowa Tribe of Oklahoma v. Manufacturing Technologies, Inc.*, 523 U.S. 751, 754 (1998). This immunity extends to governmental agencies of tribes, such as the respondent Gaming Commission. *Id.* at 754-55, 758. Waivers of tribal sovereign immunity must be

1

express and unequivocal. *See id.* at 754; *Oklahoma Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991) *(citing Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58-59 (1978)).

The Tribe's Tort Claims Ordinance provides that "No claim shall be pursued or sustained pursuant to this Act if a concurrent or alternate action seeking damages for an injury arising from the same incident has been filed in any other forum or venue.  If such an action is filed in any other forum or venue during the pendency of a claim pursuant to this Act, the claim pursuant to this Act is and shall be considered to have been abandoned and shall not be eligible thereafter for an award of any kind.  Abandoned claims shall not be eligible for arbitration.  This provision shall not be construed to confer any right to bring an action in any other forum, nor as acquiescence by the Tribe or its Gaming Operation to a claim of jurisdiction by a court or agency of any other sovereign." Ordinance § 5(d). The Court finds that the petitioner filed an alternate action for damages for his alleged injury arising from the same incident.  *See* Petition at ¶¶ 78-82. In addition, petitioner filed a Notice of Pendency of Other Action ("Notice") as required by the Local Rule 83-1.4.1, identifying *Cosentino v. Fuller*, Riverside Sup. Ct. civil case number MCC 1300396. That Notice states that the "state civil action materially relates to the subject matter of Mr. Cosentino's Petition to Compel Arbitration because the facts and causes of action stated against the Defendants in the state

civil action are the are the [sic] same facts and causes of action that Mr. Cosentino seeks to arbitrate against Respondents" Pechanga Band and Gaming Commission in this federal case. *See* Docket no. 5. Thus the petition and Notice effectively concede, and conclusively establish, that his claims against the Tribe and Gaming Commission are independently barred under Ordinance section 5(d), have been abandoned and are not eligible for arbitration thereunder.

In addition, the petition is independently barred by section 5(h) of the Tribe's Ordinance. "Employment-related claims of any kind by employees or former employees of the Gaming Operation ... may only be brought under the grievance procedures of the employing entity and shall in no case be cognizable under this Act.  Employee workplace injuries occurring at the Gaming Facility are subject to the Pechanga Workers Compensation Ordinance and are not cognizable under this Act." Ordinance § 5(h). The petition alleges that "Mr. Cosentino is a former employee of the Pechanga Casino" and his claims are plainly related to his former employment at the Tribe's Gaming Facility. Pet. ¶ 13. *See also* Pet. ¶¶ 49, 54, 58-60, 80, 82. Thus Ordinance section 5(h) provides an independent bar to petitioner's claims.

THEREFORE, IT IS ORDERED THAT respondents' Motion to Dismiss is granted with prejudice.

DATE: November 25, 2013                    _____

Hon. Manuel L. Real

UNITED STATES DISTRICT COURT JUDGE